UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Yolanda Brown-Gailliard,<br>    Plaintiff,<br><br>    vs.<br><br>The ACE Partnership of Charleston, SC.<br>d/b/a McDonald's Hamburgers,<br>    Defendant.<br>_____ | ) CASE NO.: 2:12-cv-3550-RMG-BHH<br>)<br>)<br>)<br>)  COMPLAINT<br>)  Jury Trial Requested<br>)<br>)<br>) |

## JURISDICTION AND PARTIES

ONE:   This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

TWO:   All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a.   A charge of employment discrimination on basis of sexual harassment was filed with Equal Employment Opportunity Commission ("EEOC").

    b.   Notification of the Right to Sue was received from the EEOC on or about September 27, 2012.

    c.   This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

THREE:   Plaintiff, Yolanda Brown-Gailliard, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

FOUR:   All discriminatory employment practices alleged herein were committed within the County of Charleston, State of South Carolina.

FIVE:   The Defendant, The ACE Partnership of Charleston, SC, upon information and belief, is a domestic partnership and is operating by virtue of laws of the State of South Carolina, and at all times herein operated as a business within the State of South Carolina and the County of Charleston and is authorized to do regular business within South Carolina, through its subsidiary.

SIX:   The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

2:12-cv-03550-RMG     Date Filed 12/17/12     Entry Number 1     Page 2 of 8

SEVEN:   The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

EIGHT:   The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

NINE:   The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

TEN:   The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

ELEVEN:   On or around September 2003, the Plaintiff began working for the Defendant at its North Charleston location at 2500 Ashley Phosphate Road.

TWELVE:   Throughout the Plaintiff's employment with the Defendant, the Plaintiff was subjected to a variety of inappropriate sexual advances, comments and gestures by the store manager Barney Hudson.  The Plaintiff was also subjected to racial discrimination by Mr. Hudson.

THIRTEEN:  The manager also sexually harassed the other female workers at the same location.

FOURTEEN:  During the entire course of the Plaintiff's employment with the Defendant, Mr. Hudson was acting within the scope of his employment.

FIFTEEN:    Mr. Hudson would refer to black employees as "monkeys."

SIXTEEN:    Mr. Hudson also made as various other racial remarks.

SEVENTEEN:  Following the Plaintiff's reports of sexual harassment and racial discrimination to her employer, she was subjected to intimidation and continued sexual harassment and racial discrimination.

EIGHTEEN: The Plaintiff was subjected to severe and pervasive harassment and discrimination based on her gender and race, which created a hostile work environment.

NINETEEN:   The Defendant created a hostile work environment by allowing the sexual harassment and racial discrimination to continue after the Plaintiff's complaints of harassment and discrimination.

2

TWENTY:    The Plaintiff applied for and was hired at another store owned by the Defendant.

TWENTY-ONE:    When Mr. Hudson found out the Plaintiff was working at the other store, he called the manager at that store and told him to fire the Plaintiff.

TWENTY-TWO:   The Plaintiff was subjected to retaliation when she was fired on or about August 12, 2009, for reporting complaints of sexual harassment and intimidation.

TWENTY-THREE:   Upon information and belief, the company fired the Plaintiff in an effort to foreclose the sexual harassment complaints of the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS/DISCRIMINATION

TWENTY-FOUR:    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

TWENTY-FIVE:   The Plaintiff is a member of a protected class due to her race and gender.

TWENTY-SIX:    Plaintiff had a satisfactory job performance while she worked for the Defendant.

TWENTY-SEVEN:    The Defendant, as the Plaintiff and the harasser's employer were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

- a. In permitting visual and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

- b. In continually allowing the perpetrator to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner;

- c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment;

- d. In allowing a hostile work environment to exist to the extent the Plaintiff could not continue to work in the environment;

- e. In terminating the Plaintiff for reporting sexual harassment in the workplace;

TWENTY-EIGHT: That by reason of the aforesaid recklessness, willfulness and wantonness of the Defendant, the Plaintiff has suffered injuries, both physical and mental.

TWENTY-NINE: That in failing to protect the Plaintiff from sexual harassment, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

THIRTY: The Defendant's actions were severe, pervasive and unwelcome to the Plaintiff. Defendant's actions constituted an abusive working environment which were on account of Plaintiff's sex and race.

THIRTY-ONE: The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), by allowing a hostile work environment to exist regarding sexual harassment and retaliation in the workplace.

THIRTY-TWO: That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

THIRTY-THREE: The Plaintiff's complaints of sexual harassment were a determining factor in the retaliation, disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's complaints of sexual harassment and a hostile work environment, she would not have been terminated.

THIRTY-FOUR: Employees outside the Plaintiff's protected class were treated more favorably by the Defendant.

THIRTY-FIVE: As a direct and proximate result of the Defendant's retaliation on the basis of complaints of sexual harassment in the workplace and a hostile work environment, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

THIRTY-SIX: The Defendant's employment discrimination of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

THIRTY-SEVEN:   As a direct and proximate result of the acts and practices of the Defendant in retaliating against the Plaintiff, creating a hostile work environment and in the retaliatory discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation and other past and future losses.

THIRTY-EIGHT: Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL/EQUAL RIGHTS UNDER 42 U.S.C. § 1981

FIFTY-TWO: The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

FIFTY-THREE:   The Plaintiff is a member of a protected group on the basis of her race.  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as it enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.  The Plaintiff was retaliated against based on her race and report of race discrimination in violation of 42 U.S.C. Sec. 1981.

FIFTY-FOUR:   The Plaintiff had a satisfactory job performance while working for the Defendant.

FIFTY-FIVE:   The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff in the following particulars, to wit:

    a.    In failing to prevent retaliation against the Plaintiff due to her race and her reports of race discrimination;

    b.    In failing to stop the behavior before any employees were subjected to discrimination and retaliation;

    c.    In failing to prevent employees from making discriminatory, offensive statements and discriminatory and retaliatory actions against the Plaintiff, thereby continuing the discrimination and suffering of the Plaintiff; and

    d.    In showing preferential treatment to non-African American employees by failing to prevent and stop the discrimination against the Plaintiff.

FIFTY-SIX:     That in failing to protect the Plaintiff from racial discrimination, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec. 1981.

FIFTY-SEVEN:   Employees outside the Plaintiff's protected class were treated more favorably by the Defendant.

FIFTY-EIGHT:    The Defendant violated 42 U.S.C. Sec. 1981 by allowing the racial discrimination and preferential treatment to exist in the workplace.

FIFTY-NINE:    The Defendant's wrongful discrimination, preferential treatment and inappropriate behaviors as set forth aforesaid constituted racial discrimination and retaliation against the Plaintiff which constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Affairs Law.

SIXTY:         The Plaintiff's race was a determining factor in the discrimination, retaliation and disparate treatment of the Plaintiff.  But for the Plaintiff's race and color, she would not have been discriminated against or retaliated against.

SIXTY-ONE:   As a direct and proximate result of the Defendant's retaliation and discrimination on the basis of race, color or national origin, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

SIXTY-TWO:   The Defendant's employment discrimination and retaliation against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

SIXTY-THREE:    The Plaintiff is entitled to injunctive relief and/or civil damages from the Defendants as a result of the employment discrimination as alleged above.

## FOR A THIRD CAUSE OF ACTION
## VIOLATION OF SOUTH CAROLINA HUMAN AFFAIRS COMMISSION

SIXTY-TWO:    Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

SIXTY-THREE:    That the aforesaid employment discrimination, detrimental treatment, and inappropriate behaviors by the Defendant, its agents and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Affairs Law.

SIXTY-FOUR:  As a direct and proximate result of the discriminatory acts and practices of the Defendant, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, loss of income and other past and future losses.

## REQUEST FOR RELIEF

SIXTY-FIVE:    The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

SIXTY-SIX:   Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

SIXTY-SEVEN:  That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned such amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

                                      s/Matthew A. Hopper  
                                      Matthew A. Hopper, ESQUIRE  
                                      Federal I.D. # 6345  
                                      Attorney for the Plaintiff  
                                      8086 Rivers Avenue  
                                      North Charleston, SC  29406  
                                      (843) 553-9800  

Charleston, South Carolina  
The 17th day of December, 2012.