IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Yolanda Brown-Gailliard,       ) | Civil Action No.  2:12-3550-RMG-BHH |
| )  | |
| Plaintiff,   ) | |
| ) | |
| vs.                               ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| The ACE Partnership of Charleston, SC, ) | |
| d/b/a McDonald's Hamburgers,       ) | |
| ) | |
| Defendant.   ) | |
| ) | |
| ) | |

This matter is before the Court on the defendant's partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 8], requesting that the plaintiff's claims for harassment and retaliation be dismissed. The plaintiff was a former employee of the defendant. She has pled claims for race and gender discrimination under Title VII of the Civil Rights Act of 1964 (as amended) ("Title VII"); 42 U.S.C. § 1981, and the South Carolina Human Affairs Commission Law. The Court readily concludes that the claims for harassment and retaliation should continue.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to

state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

### I.     Sex and Race Harassment Claim

The defendant first argues that the plaintiff's claims for harassment should be dismissed. The defendant argues that the plaintiff never explains or describes with specificity any of the harassing allegations. But, the plaintiff concedes that in paragraphs 15 and 16 of the Complaint, the plaintiff alleges that Barney Hudson, the

plaintiff's store manager, referred to black employees as monkeys and that he made various other racial remarks. (Mot. Dismiss at 4.) The plaintiff further alleges that Hudson generally made a "variety of inappropriate sexual advances, comments and gestures." (Compl. ¶ 12.) The plaintiff complains that after reporting such harassment she was subjected to additional harassment and discrimination. (Compl. ¶ 17.) The plaintiff expressly alleges that the harassment was both severe and pervasive and on account of her gender and race. *Id.* ¶ 18. The plaintiff has also now identified other possible sexually harassing comments and conduct in her response to the motion to dismiss. (Pl. Reply at 1-2.) But, the condition of the Complaint is enough.

The plaintiff has identified at least one bad actor, a particular type of discriminatory language, and has alluded to numerous other conduct, comments, and gestures. This is a "plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950. No more additional or definite statement need be added to the Complaint. The defendant has more than enough information to plead necessary defenses and participate constructively in discovery.

## II.    Retaliation

Likewise, the Court is unpersuaded that there exists any pleading problem with the plaintiff's retaliation claim. The defendant contends that paragraphs 20 through 22 represent the only retaliation allegations in the Complaint. There, the plaintiff alleges that she was hired at another store owned by the defendant and that when Hudson found out that she was working at the other store, he arranged for her to be fired, in

3

retaliation. (Compl. ¶¶ 20-22.) The defendant argues that the plaintiff failed to plead any temporal proximity between the events such that causation can be established. *See Clark County School Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

There are two problems. First, paragraphs 20 through 22 are not the only averments related to retaliation. As stated, paragraph 17 alleges that the plaintiff was harassed further after initially reporting sexual harassment and race discrimination. (Compl. ¶ 17.) Second, the defendant misperceives the "temporal proximity" concept. Temporal proximity is not a pleading element of a retaliation claim, itself. Rather, it is simply one *way* of establishing a causal link between the protected activity and adverse employment action and not a very good one at that. *See Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 820 & n.5 (8th Cir. 1998) (holding that while close proximity in timing may be sufficient for a jury to find the causation element of plaintiff's prima facie case, it is insufficient to establish pretext); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d 1997) ("[E]ven if timing alone can prove causation where the discharge follows only two days after the complaint, the mere fact that adverse employment action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events."); *Swanson v. General Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997); *see, e.g., Gibson v. Old Town Trolley Tours*, 160 F.3d 177, 182 (4th Cir. 1998) (finding the plaintiff failed to establish pretext concerning the supervisor's failure to complete reference forms, despite proof that the supervisor knew the plaintiff had made an EEO complaint).

4

In fact, almost, universally, Courts require more to establish causation. The plaintiff, therefore, was under no imperative to allege any closeness in time between her reports of harassment and any retaliation. She may, indeed, eventually rely on such evidence at summary judgment or trial, but no such averment is required now to plead the claim. She has alleged a causal link.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's partial motion to dismiss [Doc. 8] should be DENIED.

IT IS SO RECOMMENDED.

                                            s/Bruce Howe  Hendricks
                                            United States Magistrate Judge

June 20, 2013
Charleston, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).